MURDOCK, Judge,
concurring in part; concurring in the result in part; and dissenting in part.
I concur in the result reached by the court with respect to the issue of child support for the reason that it is unclear to me how much the trial court intended to award in this regard. Paragraph 9 of the trial court’s judgment begins: “The Husband shall pay child support to the Wife, for the benefit of [the minor child], $425 per month.” Later in the same paragraph, the judgment states that the child-support award “shall include funds necessary to pay for [the minor child’s] private school tuition and all fees associated therewith.” The record reveals that the child’s private-school tuition was $300 per month and that the cost of school fees and uniforms was $90 per month. Based on the language of the trial court’s judgment and on the record before this court, one might reasonably ask whether the trial court intended to award an amount “necessary to pay for [the minor child’s] private school tuition and ... fees” in addition to the $425 specified in the first sentence of paragraph 9. On the other hand, if the court intended that $425 be the full amount of the husband’s monthly child-support obligation, it cannot be tenably maintained *1266 that the $425 includes funds to pay all of the minor child’s tuition and fees; if it did this it would leave only $35 per month for the child’s other financial needs. Yet, if the $425 includes only a portion of the child’s tuition and fees, what portion? How much did the court award for the child’s other financial needs? The answers to these questions are not discernible from the wording of the trial court’s judgment. I therefore agree with the need to reverse that portion of the trial court’s judgment pei-taining to child support and to remand the cause as outlined in the court’s opinion.
I concur in the remainder of the majority opinion except insofar as it provides for the termination of alimony after eight years; I respectfully dissent as to that aspect of the trial court’s judgment. I see no evidence in the record indicating that the wife’s earning capacity will increase over the next eight years; I conclude that the decision at this time to terminate alimony after eight years is arbitrary.